IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| Plaintiff, | X | |
| vs. | X | No. 89-20209(G)D |
| SHEDDRICK A. HARRIS, | X | |
| Defendant. | X | |

ORDER GRANTING MOTION TO CORRECT TYPOGRAPHICAL ERROR
AND
ORDER DENYING MOTION TO MODIFY SENTENCE

On March 3, 2005, defendant Sheddrick Harris, Bureau of Prisons inmate registration number 12207-076, an inmate at the United States Penitentiary in Pollock, Louisiana, filed a motion to modify his sentence under U.S.C. § 3582(c)(2) in his closed criminal case. On July 22, 2005, the United States responded to the motion. On August 1, 2005, Harris filed a traverse to the government's response. On August 3, 2005, Harris filed a motion to correct a typographical error in his original motion. Harris alleges that his original motion was inadvertently titled "MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)" and should have been entitled "MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(b)(2). The motion to correct the typographical error is GRANTED. The Court will consider the motion under 18 U.S.C. § 3582(b)(2).

On May 16, 1990, a jury convicted Harris and a co-defendant of all four counts of an indictment charging them with conspiring to commit murder in retaliation against a federal informant, in violation of 18 U.S.C. § 371; attempting to kill a federal informant, in violation of 18 U.S.C. §§ 1512 and 2; threatening to cause and causing bodily injury to a federal informant with the intent to retaliate, in violation of 18 U.S.C. §§ 1513 and 2; and causing bodily injury to the wife of a federal informant with the intent to retaliate, in violation of 18 U.S.C. §§ 1513 and 2. On September 28, 1990, the Court conducted a sentencing hearing, and, departing upward by two levels under the United States Sentencing Guidelines (USSG), imposed a sentence of two hundred-forty months, plus a three-year period of supervised release. The Court entered the sentence on October 10, 1990, and Harris appealed to the Sixth Circuit. The Sixth Circuit affirmed. United States v. Harris, No. 90-6345, 1991 U.S. App. LEXIS 20586 (6th Cir. August 27, 1991).

On December 31, 1992, Harris filed a motion to vacate under 28 U.S.C. § 2255. Harris contended that his conviction should be set aside because the court erred in departing upward from the guideline range, and because his counsel provided ineffective assistance. On February 19, 1993, the Court determined Harris' claims to be without merit, denied the motion, and denied a certificate of appealability. United States v. Harris, No. 92-3064-G/A (W.D. Tenn. Feb. 10, 1993). Harris filed a notice of

2

appeal. The Sixth Circuit denied a certificate of appealability. <u>United States v. Harris</u>, No. 93-5262 (6th Cir. Nov. 18, 1993).

Harris contends that he is entitled to be resentenced under 18 U.S.C. § 3582(b)(2). The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. Armstrong contends that the Court's jurisdiction to grant this motion arises under 18 U.S.C. § 3742(a)(2). Eighteen U.S.C. § 3582(b)(2) provides as follows:

> Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
> . . . .
>
> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742;
>
> . . . .
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to correct a clear error, but only within seven days after sentencing. That rule is clearly inapplicable. Section 3742 establishes the procedure for appellate review of a criminal judgment and allows a court to modify a sentence on remand from an appellate court. Defendant's conviction is not on remand to this court, therefore § 3742 provides defendant no relief.

3

Eighteen U.S.C. § 3582(c) governs modification of an imposed term of imprisonment and states as follows:

> The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with

4

applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. § 3582(c) are applicable here.

For all the foregoing reasons, whether defendant's motion is construed under 18 U.S.C. § 3582(b)(2) or under § 3582(c)(2), the motion is DENIED.

As no reasonable jurist could disagree that this Court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this 1st day of November, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 94 in case 2:89-CR-20209 was distributed by fax, mail, or direct printing on November 3, 2005 to the parties listed.

---

Terrell L. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT